PEOPLE v KHIRFAN

Docket No. 117702. Submitted June 12, 1990, at Lansing. Decided
December 6, 1990; approved for publication March 13, 1991, at
9:00 A.M. Leave to appeal sought.

Mhommad G. Khirfan was convicted of violating the cigarette tax
act on three separate occasions, following a bench trial in the
Genesee Circuit Court, Charles B. Mosier, J. The defendant
appealed, alleging insufficient evidence, entrapment, and un-
constitutionality of the act.

The Court of Appeals *held:*

The cigarette tax act, MCL 205.501 *et seq.*; MSA 7.411(1) *et
seq.*, prohibits an unclassified acquirer, i.e., any person except a
transportation company or a purchaser at retail, from purchas-
ing or otherwise acquiring cigarettes with a wholesale value of
$50 or more without keeping a complete and accurate record of
the purchase.

1. There was sufficient evidence for a rational trier of fact to
conclude beyond a reasonable doubt that the defendant was
guilty of violating the act's provisions, or of aiding and abetting
their violation, even though the defendant did not own the
store where the offenses occurred and allegedly acted at the
store owner's direction. The ownership of the store is irrelevant
to the issue of the defendant's guilt or innocence.

2. The defendant was not entrapped because he was ready,
willing, and able to purchase the cigarettes from undercover
officers, and the officers' conduct did not go beyond the mere
offering of an opportunity to commit the crime.

3. The defendant waived the issue regarding the constitution-
ality of the act by failing to raise the issue in the trial court.

Affirmed.

TAXATION — CRIMINAL LAW — CIGARETTE TAX ACT — WORDS AND
PHRASES — UNCLASSIFIED ACQUIRER.

The cigarette tax act prohibits an unclassified acquirer from
purchasing or otherwise acquiring cigarettes with a wholesale

REFERENCES

Am Jur 2d, State and Local Taxation § 615.
See the Index to Annotations under Tobacco and Tobacco Products.

value of $50 or more without keeping a complete and accurate record of the purchase or acquisition; an unclassified acquirer is defined as any person, except a transportation company or a purchaser at retail from a retailer duly licensed, who acquires cigarettes for use, sale, or distribution from any source other than a wholesaler or a secondary wholesaler licensed under the act; the act does not require that the cigarettes be acquired for the unclassified acquirer's use, sale, or distribution (MCL 205.501 *et seq.*; MSA 7.411[1] *et seq.*).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *E. David Brockman* and *Charles E. Donahue,* Assistant Attorneys General, for the people.

*Janel S. Fain, P.C.* (by *Janel S. Fain*), for the defendant.

Before: WAHLS, P.J., and GILLIS and JANSEN, JJ.

PER CURIAM. On January 17, 1989, following a bench trial in the Genesee Circuit Court, defendant was convicted of violating the cigarette tax act, MCL 205.501 *et seq.*; MSA 7.411(1) *et seq.*, on three separate occasions. On March 7, 1989, defendant was sentenced to twenty-four months' probation, with the last thirty days to be served in the county jail if he failed to comply with the terms and conditions of probation. Defendant appeals his conviction as of right. We affirm.

Defendant was charged with violating MCL 205.503(a); MSA 7.411(3)(a), which provides in part:

No person shall sell, purchase, possess or acquire cigarettes or act as . . . unclassified acquirer . . . in this state, unless licensed to do so as herein provided.

Defendant was also charged with violating MCL 205.506; MSA 7.411(6), which provides in part:

> Every . . . unclassified acquirer . . . shall keep a complete and accurate record of all cigarettes . . . purchased or otherwise acquired.

"Unclassified acquirer" is defined as "any person . . . who . . . acquires cigarettes for use, sale, or distribution from any source other than a wholesaler or a secondary wholesaler licensed under this act." MCL 205.501(g); MSA 7.411(1)(g). When the wholesale price of the cigarettes involved amounts to or exceeds $50, a person found to have violated the act's provisions is guilty of a felony punishable by five years' imprisonment, or a $5,000 fine, or both. MCL 205.509(b); MSA 7.411(9)(b).

Testimony presented by the prosecution established that defendant paid for cigarettes which were offered for sale on three separate occasions by undercover officers who were investigating suspected violations of the act at stores in the Flint area. When officers entered the store on the first occasion and offered to sell the cigarettes to defendant's fellow employee, that employee directed the officers to defendant. Defendant bargained with the officers before agreeing on a price of approximately $5 per carton, which was well below the average wholesale price of more than $10 per carton. According to the officers, defendant paid for the cigarettes with money from his wallet. The second occasion was similar. On the third occasion, defendant paid for the cigarettes with money from the cash register. Subsequently, a treasury agent purchased cigarettes which were determined to be those sold to defendant by the undercover officers. Other evidence established that neither defendant nor the undercover officers who sold defendant the cigarettes were licensed under the act, and that no records were kept of the sales.

Contrary to defendant's arguments on appeal,

there clearly was sufficient evidence for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of violating the act's provisions, or of aiding and abetting their violation, even though defendant did not own the store and was allegedly acting at the store owner's direction. See *People v Huey,* 345 Mich 120, 127; 75 NW2d 893 (1956) (conspiracy to violate cigarette tax act); *People v Petrella,* 424 Mich 221, 268-269; 380 NW2d 11 (1985) (standard of review: sufficiency of evidence in bench trial, and denial of motion for directed verdict). We note that the act, § 3(a), states that "[n]o person shall . . . purchase . . . or acquire," and alternatively states "or act as . . . unclassified acquirer." But even assuming that defendant had to be an "unclassified acquirer" to be found guilty of violating the act, that term is defined by the act, § 1(g), as "*any* person . . . who . . . acquires cigarettes for use, sale, or distribution." The act, § 1(g), does not require that the cigarettes be acquired for *defendant's* use, sale, or distribution. Thus, the ownership of the store is virtually irrelevant to the issue of defendant's guilt or innocence. Finally, as did the trial court, we find defendant's claim that he was ignorant of American business practices incredible in light of his college education as a management-business major.

Defendant's claim of entrapment is untenable. Defendant's own testimony showed that he was ready, willing, and able to purchase cigarettes from the undercover officers. See *People v Patrick,* 178 Mich App 152, 153-154; 443 NW2d 499 (1989). We conclude that the officers' conduct did not go beyond "the mere offering of an opportunity to commit a crime." *Id.*

Regarding defendant's claim that the statute is

unconstitutional, defendant waived the issue by failing to raise it in the trial court. *Huey, supra,* pp 129-130.

Affirmed.